UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HENRY D. SARVER, | ) | |
| PAMELA K. SARVER, | ) | |
| | ) | |
| Plaintiffs | ) | No. 3:15-0105 |
| | ) | Magistrate Judge Bryant |
| v. | ) | **Jury Demand** |
| | ) | |
| MING WANG, M.D., WANG | ) | |
| VISION INSTITUTE, PLLC, | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM AND ORDER

On December 23, 2015, the Court entered an agreed order of dismissal with prejudice of Plaintiffs' claim against Defendant Wang Vision Institute, PLLC (Docket Entry No. 23). The Court mistakenly included in this order a statement that the order was the final order in this action. This sentence, identified as paragraph 3 in that order, is hereby **VACATED**.

Defendant Ming Wang, M.D., has filed his motion for summary judgment (Docket Entry No. 24), supported by Dr. Wang's affidavit, a memorandum of law, and a statement of undisputed facts (Docket Entry Nos. 25-1, 26 and 27). Plaintiff has not responded in opposition to this motion.

For the reasons stated below, the undersigned finds that Defendant Wang's motion for summary judgment should be granted and the claims against him dismissed.

### STATEMENT OF THE CASE

Plaintiffs Henry D. Sarver and wife, Pamela K. Sarver, have filed this action premised upon diversity jurisdiction

alleging a claim of medical malpractice against Defendant Wang. Specifically, Plaintiffs allege that Defendant Wang performed femtosecond laser cataract surgery on Plaintiff Henry Sarver's right eye on October 8, 2013. Plaintiffs claim that Plaintiff Sarver was an inappropriate candidate for this surgery, that the surgery was unnecessary, that as a result of this surgery Plaintiff was subjected to two additional laser procedures, and that following this surgery Plaintiff's vision in his right eye is so poor that he can only distinguish light from dark.

As stated above, Defendant Wang has now filed his motion for summary judgment to which Plaintiffs have not responded.

### STANDARD OF REVIEW

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

In Tennessee, the plaintiff in a medical malpractice action has the burden of proving by competent expert evidence the following:

1. the recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;

2. that the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

>   3.  as a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a).

Moreover, subsection (b) of this statute provides that in order to be competent to testify as an expert witness in a medical malpractice action in Tennessee, the witness must have been licensed to practice in the State of Tennessee or a contiguous bordering state in a profession or specialty which would make the witness's testimony relevant to the issues in the case and must have practiced such profession in one of these states during the year preceding the date of the alleged injury to the plaintiff.

Here, it appears from Defendant Wang's affidavit (Docket Entry No. 25-1) that he satisfies the competency requirements set forth in the Tennessee statute. In his affidavit, Wang testifies that he complied with the recognized standard of acceptable professional practice in his care and treatment of Plaintiff Sarver, and that nothing Defendant Wang did or failed to do caused an injury or damage to Mr. Sarver that would not otherwise have occurred. Thus, Defendant Wang by his affidavit has refuted the essential elements of the cause of action upon which Plaintiffs bear the burden of proof.

In the absence of any response by Plaintiffs, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact and that Defendant Wang is entitled to judgment as a matter of law.

**CONCLUSION**

For the reasons stated above, the undersigned Magistrate Judge **GRANTS** the motion for summary judgment filed on behalf of Defendant Wang and **DISMISSES** the claims against him with prejudice.

This is the final order in this case. The **Clerk** is directed to close the file.

It is so **ORDERED**.

<u>/s/  John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge